UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELISSA COLE,
o/b/o M.J.G.,

                  Plaintiff,

   v.                                       **DECISION AND ORDER**
                                                                    18-CV-359

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                  Defendant.

---

## INTRODUCTION

Plaintiff, on behalf of her minor child, M.J.G., challenges an Administrative Law Judge's ("ALJ") determination that M.J.G. is not entitled to benefits under the Social Security Act ("the Act"). Plaintiff alleges that M.J.G. has been disabled since July 1, 2012, due to attention deficit and hyperactivity disorder ("ADHD"), anxiety, psychosis, and other conditions. Tr.[1] at 69, 159-64, 206. Plaintiff alleges that the decision of ALJ Timothy M. McGuan is not supported by substantial evidence in the record, and that the Appeals Council erred in disallowing new and material evidence of M.J.G.'s deficits.

Presently before this Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 10, 18. For the reasons set forth below, this Court finds that the decision of the Commissioner is

---

[1] "Tr." refers to the Social Security Transcript which appears at Docket No. 8.

inconsistent with applicable legal standards.  Thus, the Commissioner's motion for judgment on the pleadings (Dkt. No. 18) is DENIED and Plaintiff's motion (Dkt. No. 10) is GRANTED.

**PROCEDURAL HISTORY**

On June 17, 2014, Plaintiff filed an application for Supplemental Security Income (SSI) benefits for M.J.G., which the Commissioner of Social Security denied. Tr. at 69, 159-64.  Upon Plaintiff's written request for a hearing, ALJ McGuan held an administrative hearing on October 21, 2016, at which M.J.G. and his mother, who were represented by counsel, testified.  Tr. at 54-68.  On February 8, 2017, the ALJ issued a decision finding that M.J.G. was not disabled.  Tr. at 52-77.  After the Appeals Council denied her request for review, Plaintiff filed the current action challenging the ALJ's final decision to the United States District Court for the Western District of New York on March 20, 2018.  Dkt. No. 1.  On November 26, 2018, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Dkt. No. 10.  Defendant moved for the same relief on March 27, 2019.  Dkt. No. 18.

**DISCUSSION**

**Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the district court must only decide whether the Commissioner applied the appropriate legal standards in evaluating the plaintiff's claim, and whether the Commissioner's findings were supported by substantial

2

evidence in the record.  See *Mongeur v. Heckler,* 722 F.2d 1033, 1038 (2d Cir. 1983).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the Court finds no legal error, and that there is substantial evidence for the Commissioner's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position.  *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**Standard for Disabled Child's SSI Benefits**

An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act.  *See* 20 C.F.R. §§ 416.924 (a)-(d).

First, the ALJ determines whether the child is engaged in any substantial gainful activity.  20 C.F.R. § 416.924(b).  Second, if the child is not engaged in any substantial gainful activity, the ALJ determines whether the child has a medically severe impairment or

3

combination of impairments that cause "more than a minimal functional limitation." 20 C.F.R. § 416.924(c). Third, the ALJ determines whether the child's severe impairment(s) meets, medically equals, or functionally equals the criteria of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). *See Conlin*, 111 F. Supp. 3d at 384-85.

Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. § 416.924(d)(1). If a child's impairment or combination of impairments does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926(a), (b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.926a(d). "A 'marked' limitation exists when the impairment 'interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities.'" *Hart v. Colvin*, No. 12-CV-1043-JTC, 2014 WL 916747, at *3 (W.D.N.Y. Mar. 10, 2014) (citing 20 C.F.R. § 416.926a(e)(2)(i)). "An 'extreme' limitation is an impairment which 'interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities.'" *Id.* (citing 20 C.F.R. § 416.926a(e)(3)(i)).

## ANALYSIS

Applying the three-step evaluation in the instant case, the ALJ determined that: (1) M.J.G. had not engaged in substantial gainful activity since June 17, 2014, the application date (Tr. at 39); (2) M.J.G.'s ADHD, generalized anxiety disorder, and migraine type headaches were severe impairments (Tr. at 39); and (3) M.J.G. did not have an impairment or combination of impairments that met or medically equaled an impairment contained in the Listing of Impairments (Tr. at 39). Assessing the impact of M.J.G.'s impairments in the six relevant domains, the ALJ concluded that his deficits did not functionally equal a listed impairment. Tr. at 39-47. The ALJ started with the premise that M.J.G. was a school-aged child at the time of his mother's application and at the time of the decision. Tr. At 39. ALJ McGuan determined that M.J.G. had a less than "marked" limitation in the domains of acquiring and using information; attending and completing tasks; interacting and relating to others; and health and physical well-being, and no limitation in the domains of moving about and manipulating objects; and ability to care for oneself. Tr. at 39-47. Thus, the ALJ concluded that M.J.G. was not disabled and was not entitled to benefits. Tr. at 47.

**The Appeals Council's Review**

Plaintiff argues that remand is required because the Appeals Council erroneously failed to consider new evidence — specifically, two teacher questionnaires — submitted after the ALJ rendered his decision. Dkt. No. 10-1, p. 32-34.[2] The Commissioner argues that the

---

[2] Plaintiff argues that the Commissioner's decision should be reversed on other grounds as well. Dkt. No. 10-1, pp. 17-32. Because this Court finds that remand is warranted on the Appeals Council's error, it need not reach these additional arguments.

Appeals Council properly rejected the assessments because "neither assessment related to the relevant period." Dkt. No. 18-2, p. 19-20.

The evidence which Plaintiff contends the Appeals Council should have considered consists of two teacher questionnaires, one from M.J.G.'s special education teacher, Megan Gotowko, dated April 19, 2017, and another from his school counselor, Dawn Yeates, dated April 24, 2017. Tr. At 16, 27. At that time, Mrs. Gotowko indicated that M.J.G. had "been [her] student for 7 ½ months," and she assessed him in the domains of acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for himself or herself; and health and physical well-being. Tr. at 20-27. In her questionnaire, Mrs. Yeates indicated that she worked with M.J.G. twice a week "since September 2016," and she evaluated his abilities in the domains of interacting and relating with others; and caring for himself. Tr. at 9-18. In declining to consider the questionnaires, the Appeals Council noted:

> You submitted teacher questionnaires from Edward Town Middle School dated April 19, 2017, and April 24, 2017 (11 pages and 9 pages). The Administrative Law Judge decided your case through February 13, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 13, 2017.

Tr. at 2.

"When reviewing a denial of DIB, the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision." *Webster v. Colvin*, 215 F. Supp. 3d 237, 242

6

(W.D.N.Y. 2016) (citing 20 C.F.R. §§ 404.970(b)).  The post-hearing evidence in M.J.G.'s case was clearly "new" because it did not exist until after the ALJ's decision and was not merely cumulative of other evidence in the record.  In fact, the teacher questionnaires fill an apparent evidentiary gap, as the record considered by the ALJ contained no educational records for the 2016-17 school year other than a projected Individualized Education Plan dated May 27, 2016 (Tr. at 308-21) and a Student Progress Report from October 7, 2016 (Tr. at 252).[3]  This means that the ALJ assessed M.J.G. with no information on how he performed in the classroom over a five month period between October 2016 and February 2017.

   The evidence is also "material" because it could have influenced the Commissioner to decide the case differently.  Mrs. Gotowko opined in her questionnaire that M.J.G. had an overall "obvious" or "serious" problem in four out of the six domains, with some "very serious problems" with skills within those domains.  Tr. at 20-27.  Mrs. Yeates indicated that M.J.G. had some "very serious problems" within the domains of interacting and relating with others and caring for himself, consistent with Mrs. Gotowko's assessment.  Tr. at 9-18.  In this regard, the evidence could have supported a finding of a "marked" limitation in at least two domains of functioning, which would have resulted in a finding of disability.  20 C.F.R. §§ 416.926a(d).

---

[3] There are also no primary care records from July 2014 through August 2016, despite the fact that M.J.G. was apparently on medication for ADHD (Concerta), insomnia (Clonidine), and migraine headaches (Naprosyn and Magnesium Oxide).  Tr. 266, 268, 303, 323-24.

It is also obvious that the teacher questionnaires relate to M.J.G.'s functional abilities during the period on or before the ALJ's decision. Both Mrs. Gotowko and Mrs. Yeates assessed M.J.G. based on their interactions with him since September of 2016, approximately five months before ALJ McGuan rendered his decision. The Second Circuit Court of Appeals has held that "evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." *Carrera v. Colvin*, No. 1:13-cv-1414 (GLS/ESH), 2015 WL 1126014, at *8 (N.D.N.Y. Mar. 12, 2015) (citing *Newbury v. Astrue,* 321 Fed. App'x 16, 18 n.2 (2d Cir. 2009) (summary order)). Consistent with this reasoning, "categorical refusal to consider new and material evidence solely because it was created after the date of the administrative law judge's decision can constitute reversible error." *Id.* (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) ("Although the new evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the claimant's] claims. To the contrary, the evidence directly supports many of her earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought[.]")).

This Court finds that the Appeals Council's cursory rejection of the teacher questionnaires solely because they were drafted after the ALJ's decision was erroneous, and that the new evidence is, in fact, probative of M.J.G.'s deficits during the relevant period. Accordingly, this matter must be remanded to the Commissioner for reconsideration in light of the new evidence. *See Webster*, 215 F. Supp. 3d at 243.

**CONCLUSION**

For the foregoing reasons, the Court finds that the Appeals Council erroneously refused to consider evidence submitted after the ALJ's decision. Accordingly, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED to the extent that it seeks remand, and the Commissioner's Cross-Motion for Judgment on the Pleadings (Docket No. 18) is DENIED. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: Buffalo, New York
September 11, 2019

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**